**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GENARO LEMUS-CISNEROS,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No. 1:26-cv-01795 JLT EGC

A- No. 234-885-967

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE CASE

(Doc. 10)

Genaro Lemus-Cisneros is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See generally* Doc. 1.) The magistrate judge rejected Respondent's position that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b) an "applicant for admission," noting Petitioner had "lived in the United States for the past 27 years." (Doc. 10 at 3.) The magistrate judge found that as a result, Petitioner is instead subject to discretionary detention under 8 U.S.C. § 1226(a). (*Id.* at 3.)

The magistrate judge noted that Petitioner received a bond hearing on July 15, 2025, and considered whether he was entitled to a second hearing. (Doc. 10 at 4.) The magistrate judge noted the Ninth Circuit applied the test identified in *Mathews v. Eldridge*, 424 U.S. 391 (1976) to evaluate whether a petitioner should receive a second bond hearing in *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022). (*Id.*) The magistrate judge found the *Mathews* test was

also appropriate here, as Petitioner is subject to the same detention authority as Rodriguez Diaz. (*Id.* at 4.) The magistrate judge considered the *Mathews* factors and found they "weigh in the government's favor and outweigh Petitioner's interest in a second bond hearing." (*Id.* at 7; *see also id.* at 4-7.)

Next, the magistrate judge noted Petitioner also raised a substantive due process claim, arguing that "his continued detention is irrational and arbitrary" because "his two prior convictions for driving under the influence do not merit a finding that he poses an unreasonable risk of danger such that no amount of bond can ensure the public's safety." (Doc. 10 at 8.) The magistrate judge found this Court lacks jurisdiction to "reweigh the evidence supporting the immigration judge's decision," and such a challenge must be raised to the Board of Immigration Appeals. (*Id.*, citing 8 U.S.C. § 1226(e).) Furthermore, the magistrate judge found Petitioner failed to show that his detention is punitive, such that "no regulatory purpose … can rationally be assigned to the detention" or that his detention was "excessive in relation to its regulatory purpose." (*Id.*, quoting *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021).)

The magistrate judge recommended the Court grant the petition to the extent Petitioner challenged the applicable detention authority and deny relief as to the grounds raised for alleged violations of procedural and substantive due process. (Doc. 10 at 9.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 21 days. (Doc. 10 at 9.) More than 30 days later, Respondents filed untimely objections. (Doc. 13.) Respondents indicated that they "object to the Findings and Recommendations for the reasons set forth in their previously-filed briefings." (*Id.* at 1.) Petitioner indicated that he "does not have any objections … [and] requests that this Court adopt the Findings and Recommendations and enter a Final Judgment." (Doc. 14 at 2.)

Respondents' general objections, which do not engage with the analysis of the magistrate judge, are insufficient. *See* Fed. R. Civ. P. 72(b)(2) (requiring any objections to magistrate judges' findings and recommendations to be "specific"); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection ... has the same effects as would a failure to object"). Moreover, while this petition was pending, the Ninth Circuit rejected the same

argument offered by Respondents and held that individuals such as Petitioner are not subject to mandatory detention under Section 1225(b). *Rodriguez Vazquez*, 183 F.4th 1160 (9th Cir. 2026).

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 10) are **ADOPTED** in full.
2. The petition is **GRANTED** to the extent Petitioner challenged the detention authority and **DENIED** as to the due process grounds raised.
3. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: _October 15, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE